UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEVIN TABER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:23-cv-27-O |
| | § | |
| SPINNAKER INSURANCE COMPANY | § | (JURY) |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Devin Taber ("Plaintiff"), complaining of Spinnaker Insurance Company ("Defendant"), and respectfully shows as follows:

### I.
### PARTIES

1. Plaintiff Devin Taber is an individual residing in the State of Texas, Wichita County.

2. Defendant Spinnaker Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. No service is necessary at this time as Defendant has been properly served and has appeared in this lawsuit through counsel.

### II.
### JURISDICTION

3. Pursuant to 28 U.S.C. § 1441, *et. seq.*, Defendant removed this case based on diversity of citizenship under 28 U.S.C. § 1332. [Doc. 1].

4. Additionally, this Court has jurisdiction over Defendant because Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of Defendant's

business activities in Texas.

### III.
### VENUE

5. Venue is proper in this District based on 28 U.S.C. § 1391(b)(2) in that a substantial part of the Property that is the subject of this action is situated in this District Court, the Northern District of Texas, Wichita Falls Division.

### IV.
### NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages, in the manner and form required pursuant to TEX. INS. CODE § 542A.003. Plaintiff has received a copy of such notice.

7. All other conditions precedent to suit or payment under the policy have been satisfied by Plaintiff, excused or waived by Defendant, or Plaintiff is excused from performance due to Defendant's prior breach of the policy. Defendant has not been prejudiced by Plaintiff's actions, inactions, or delays, if any.

8. Any failures that may have occurred on behalf of Plaintiff have not prejudiced Defendant in this case.

### V.
### FACTS

9. This lawsuit relates to a claim for insurance proceeds for damages related to Plaintiff's home as a result of a weather event.

   A. <u>The Property and the Policy.</u>

10. Plaintiff owns his home located at 1600 Tilden St., Wichita Falls, Texas 76309 (the "Property").



**The Property**

11. The Property, which Plaintiff reasonably believes was built in 1922, is nestled in the West Floral Heights Historic District of Wichita Falls and is protected by an exquisite green Mineral Wells Clay tile roof.

12. Upon information and belief, Plaintiff believes the manufacturer of the roof, Mineral Wells Clay Products, Inc., has been closed and out of business for 50 years, and its tiles are no longer available. The Department of Community Development for the West Floral Heights Historic District has determined that to preserve the historic architecture, character, design, and value of the neighborhood, damages to out-of-production Mineral Wells Clay Tile Roofs must be replaced with a like kind and quality clay tile roofs.

13. At all times material to the issues raised in this letter, the Property was insured by insurance policy number HTX-1046497-01 issued by Defendant ("Policy"). Plaintiff is the owner of the Policy and the named insured under the Policy.

B. <u>Ice and Storm Damage.</u>

14. On or about October 26, 2020, the Property and the greater Wichita Falls area of North Texas was struck by a severe winter ice storm (the "Storm"). The National Weather Service Storm Events database recorded this significant ice event.

https://www.ncdc.noaa.gov/stormevents/listevents.jsp?eventType=%28Z%29+Ice+Storm&beginDate_mm=10&beginDate_dd=25&beginDate_yyyy=2020&endDate_mm=10&endDate_dd=28&endDate_yyyy=2020&county=WICHITA%3A485&hailfilter=0.00&tornfilter=0&windfilter=000&sort=DT&submitbutton=Search&statefips=48%2CTEXAS.

The National Weather Service's *Episode Narrative* for the event states:

> An multi-day early season ice storm impacted western north Texas beginning the morning of the 26th and lasting into the 28th. Highest ice accretion totals were found closer to the Red River, but power outages and downed power lines were reported in many areas.

https://www.ncdc.noaa.gov/stormevents/eventdetails.jsp?id=924714.

https://www.weather.gov/ict/event_20201027

As the storm swept through the Texas Panhandle, Wichita Falls experienced the heaviest snow it had experienced that early in a season.

https://www.washingtonpost.com/weather/2020/10/26/snow-ice-storm-plains-rockies/.

This powerful North Texas Storm was reported by the local news media:

https://www.foxnews.com/us/weather-ice-storm-winter-storm-rockies-oklahoma-texas-power-outages.

https://weather.com/news/news/2020-10-27-winter-storm-power-outages-ice-snow-oklahoma-texas-plains.

15. As a result of the Storm, the Property sustained significant direct physical loss and damage to its roofing system, its exterior, and interior. The tile roofing system was damaged so extensively that Property has experienced wide-spread water leaking, which caused substantial interior damage. The damage to the roofing system, including the clay tiles and the waterproofing underlayment, is so extensive that the entire roofing system must now be replaced. These

damages are covered under the Policy.

    C.  <u>The Claim and Defendant's Failure to Properly Handle the Claim.</u>

16. After the Storm, Plaintiff made a claim with Defendant (Claim no. HTX-1046497-01-01) for damages caused by the Storm and requested payment for damages to the Property covered by the Policy.

17. After Defendant received notice of the loss, it became incumbent upon Defendant to conduct a reasonable and thorough investigation of the loss, including but not limited to determining the date or dates of loss, the cause of the covered damage, and the cost to repair the covered damages.

18. After receiving notice of the loss, Defendant began its investigation.

19. Defendant retained a consultant, Latigo Hill with One Call Claims, to assist it in the investigation of Plaintiff's loss.

20. At all times material hereto, Latigo Hill, One Call Claims, and any other persons or entities involved with the Claim on behalf of Defendant Spinnaker Insurance Company were acting as Defendant's agents in the course and scope of their agency with Defendant. Accordingly, Defendant is liable for their acts and omissions.

21. Latigo Hill, on behalf of Defendant, inspected the Property on or about March 10, 2021. An estimate based on the inspection was prepared dated April 1, 2021.

22. The estimate failed to account for the full extent of covered damages as a result of the subject storm, and grossly undervalued the loss. Defendant's estimate, based on its subpar investigation, was for $3,469.84 in replacement cost value. This estimate is not an estimate for the full scope of the reasonable and necessary repairs as a result of the Storm owed under the Policy.

This estimate accounts for only a fraction of the actual loss sustained at the Property as a result of the Storm.

23. On April 2, 2021, Defendant issued a Claim decision letter notifying Plaintiff that, although Defendant determined there was covered damage to the Property, it claimed the Replacement Cost Value to repair the damage was only $3,469.84, based on the estimate prepared by its consultant and agent, Latigo Hill of One Call Claims.

24. Based on the estimate, Defendant's letter of April 2, 2021 indicated Defendant was making payment on the Claim in the amount of $2,469.84.

25. Defendant's estimate reflects its position that the Property's roof can be repaired by simply removing and replacing a mere 10 tiles from the entire roof system. However, due to the extensive widespread damage to the roof and the numerous areas of internal leakage, the entire roofing system requires replacement. Accordingly, Defendant grossly undervalued the Claim as the cost to properly repair the covered damage caused by the Storm is significantly greater than $3,469.84.

26. Further, although the duty to adjust the loss is Defendant's duty, Plaintiff presented Defendant with evidence of the covered damages as well as evidence of the unavailability of the roof tiles, and information on the replacement with a like kind and quality tile. Despite receiving this information, Defendant continued to refuse to comply with the Policy by refusing to re-adjust its estimate to account for the full extent of covered damages at the Property as a result of the subject Storm.

27. Defendant's repair cost estimate accounted only for a fraction of the actual damages to the Property as a result of the Storm. Defendant had no reasonable basis, based on the evidence, to value the damages at $3,469.84, when the actual damages and Defendant's liability were reasonably clear and evidently more significant than its evaluation.

28. Plaintiff presented the Claim under the Policy for damages caused by the Storm. It was Defendant's responsibility, not Plaintiff's, to conduct a reasonable and thorough investigation of the Claim to determine the specific cause of the loss and the amount of loss. Defendant failed to do so, and grossly undervalued the amount of Plaintiff's covered losses.

29. To date, Defendant has refused to make full payment as owed under the Policy and continues to delay full resolution of the Claim, causing Plaintiff further injury and damages.

30. Defendant misrepresented to Plaintiff that the cost to repair the damage to the Property was substantially less than the actual cost to repair the damage which is a material fact relating to the coverage at issue. Accordingly, Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(1).

31. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Specifically, even though Defendant's liability under the Policy was reasonably clear, Defendant, in contending the RCV to repair the covered damages to the Property was only $3,469.84 when the actual damages far exceed that amount, acted in bad faith when it ignored the obvious substantial amount of damages to the Property, ignored documentation provided by Plaintiff, conducted a substandard investigation, and grossly undervalued the Claim. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.060(a)(2)(a).

32. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the

Policy, nor did Defendant provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of Tex. Ins. Code §541.060(a)(3).

33.  Defendant failed to affirm or deny coverage of the Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant despite Plaintiff's attempts for a timely resolution. Defendant continued to rely on misrepresentations in its inadequate explanation of its coverage determination and refused to adjust or fully account for the documents presented to it evidencing storm damage to the Property. Defendant's conduct constitutes a violation of Tex. Ins. Code §541.060(a)(4).

34.  Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Defendant's investigation was clearly unreasonable because it failed to determine the full amount of the damages, even though the damages were obvious and the true amount of cost to repair the damages was readily ascertainable. Had Defendant conducted a reasonable and thorough investigation of the Claim it would have determined the actual amount of Plaintiff's covered losses. Defendant's conduct constitutes a violation of Tex. Ins. Code §541.060(a)(7).

35.  Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's Claim. Defendant's conduct constitutes a violation of Tex. Ins. Code §542.055.

36. Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX. INS. CODE §542.056.

37. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's Claim longer than allowed and, to date, Plaintiff have not yet received full payment for the Claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with its obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX. INS. CODE §541.058.

38. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

39. Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

40. Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VI.
## CAUSES OF ACTION

41. Defendant is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

42.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A. Breach of Contract

43.     The Policy is a valid, binding and enforceable contract between the Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

44.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE. §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

46.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

47.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(3).

48.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(4).

49.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

50.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. This continued failure compelled Plaintiff to file suit. TEX. INS. CODE § 542.003(5).

### C. Prompt Payment of Claims Violations.

51.     The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence any investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required from Plaintiff within the fifteenth day after the date Defendant received notice of the claim. TEX. INS. CODE § 542.055. Specifically, Defendant failed to commence a proper investigation of the Claim and failed to request the documents and other forms it required to properly adjust Plaintiff's Claim within a reasonable time and manner;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiff with a proper explanation of its Claim decision. Defendant delayed resolution of the Claim without a proper

       explanation for its delay, and then relied on improper misrepresentations about the covered losses in the adjustment of Plaintiff's Claim without a proper explanation for the reasoning behind its decision; and/or by

    c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay the full amount owed under the Policy for the Claim. Defendant continues to delay full resolution of the Claim by refusing to properly adjust Plaintiff's Claim.

52. Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX. INS. CODE §542.060.

### D. Breach of the Duty of Good Faith and Fair Dealing

53. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VII.
## KNOWLEDGE

54. Each of Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

55. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of Plaintiff's claim, together with attorney fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff ask for three times his actual damages. TEX. INS. CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the Claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, the Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

60.     As a direct and foreseeable result of Defendant's acts and omissions in the mishandling of Plaintiff's Claim, breach of contract, and violations of the Texas Insurance Code, Plaintiff suffered consequential damages which Plaintiff is entitled to recover.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

62.     Plaintiff has timely requested a jury trial and tendered the appropriate jury fee.

# X.
# PRAYER

63. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**GREEN KLEIN WOOD & JONES**

By: */s/ William T. Jones, Jr.*
WILLIAM T. JONES, JR.
State Bar No.: 24032601
bjones@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DELARAM FALSAFI
State Bar No.: 24113083
falsafi@greentriallaw.com
408 East 7th Street
Houston, Texas 77007
Telephone: (713) 654-9222
Facsimile: (713) 654-2155

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2023, this document was filed through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) to:

David G. Allen
Brian G. Saucier
**DAVID ALLEN LAW GROUP, PLLC**
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
(214) 748-5000 (Telephone)
(214) 748-1421 (Facsimile)
allen@dallenlg.com
saucier@dallenlg.com

**ATTORNEYS FOR DEFENDANT**

                                              */s/ William T. Jones, Jr.*
                                              William T. Jones, Jr.